CRAWLEY, Judge,
dissenting.
I must respectfully dissent. The majority holds that the father has voluntarily relinquished custody of his child and that, in order to reclaim custody, he must meet the Ex parte McLendon, 455 So.2d 863 (Ala.1984), standard. I disagree. In fact, it appears from the record that the father lost his parental presumption vis-a-vis the mother when she was awarded custody in the paternity judgment. However, the “contest [here] is not between the [father] and a person to whom [the father] has *787 transferred [custody] ... by fair agreement [or by prior judgment].” Ex parte Terry, 494 So.2d 628, 632 (Ala.1986) (internal quotations and citation omitted). Accordingly, under Terry, the father does not have to meet the McLendon standard to “reclaim” custody as against the grandparents. Similarly, Ex parte Berryhill, 410 So.2d 416 (Ala.1982), the facts of which are quite similar to the present case, stands for the proposition that when a father is not awarded custody of a child, he is still given the benefit of the parental presumption against third parties, provided he is not found unfit.
I also believe that Ex parte D.J., 645 So.2d 303 (Ala.1994), requires that the trial court’s judgment be affirmed. The D.J. court found that “application of the parental presumption in [cases like this one] promotes the sound policy of encouraging fathers to fulfill their paternal roles.” Ex parte D.J., 645 So.2d at 306. The father in this case, once he discovered the mother’s unfitness, chose to assume his paternal role. I must dissent from the majority’s reversal of the trial court’s application of the principles espoused by our supreme court in Ex parte D.J., Ex parte Terry, and Ex parte Berryhill.